Diaz v Rotavele El., Inc.

2026 NY Slip Op 03115

May 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Chanel Diaz, Plaintiff-Respondent,

v

Rotavele Elevator, Inc., Defendant-Respondent, Mayore Estates LLC, Defendant-Appellant.

Decided and Entered: May 19, 2026

Index No. 157664/20|Appeal No. 6652|Case No. 2025-03132|

Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Kahana & Feld LLP, New York (Christina Pingaro of counsel), for appellant.

Heidell, Pittoni, Murphy & Bach, LLP, New York (Michele Rosenblatt of counsel), for Rotavele Elevator, Inc., respondent.

[*1]

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered April 11, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Mayore Estates LLC for summary judgment on its cross-claim for contractual indemnification against defendant Rotavele Elevator, Inc., unanimously reversed, on the law, without costs, and the motion granted to the extent of awarding conditional contractual indemnification to Mayore.

Plaintiff alleges that she tripped and fell on August 27, 2019, as a result of a misleveled elevator. Mayore, the building owner, established that plaintiff's claim arose out of Rotavele's work, and thus the indemnification provision in Mayore's service agreement with Rotavele was triggered (see Antoniak v P.S. Marcato El. Co., Inc., 144 AD3d 407, 408 [1st Dept 2016]). The agreement obligated Rotavele to maintain the elevator and indemnify Mayore against any liability claims arising out of the performance of the agreement. Testimony from Mayore's property manager and Rotavele's vice president established that Rotavele performed work on the elevators in May 2019 and that no one other than Rotavele serviced the elevators. Further, Rotavele's maintenance logs show that Rotavele attempted to correct a misleveling issue of the elevator on May 7, 2019. The court should have considered the maintenance logs, which Mayore submitted in reply, because Rotavele never objected to them and, in fact, argued for their admissibility in supplemental briefing (see Strongbow Consulting Group LLC v PricewaterhouseCoopers LLP, 195 AD3d 532, 532 [1st Dept 2021], lv dismissed and lv denied 38 NY3d 997 [2022]). In opposition, Rotavele failed to raise an issue of fact, offering no evidence that the misleveling was caused by anything outside the scope of its duties.

However, Mayore failed to establish its freedom from negligence as a matter of law, and thus Rotavele is entitled to conditional contractual indemnification (see Antoniak, 144 AD3d at 408; Ortiz v Fifth Ave. Bldg. Assoc., 251 AD2d 200, 201-202 [1st Dept 1998]). The service agreement required Mayore to promptly notify Rotavele of any elevator issues, yet Mayore failed to submit any evidence establishing its practice and procedures with respect to that obligation. Mayore's property manager admitted that there was "[n]o set protocol" for reporting complaints and that she never received complaints or observed the elevator misleveling, despite plaintiff's testimony that she complained about the elevator's misleveling roughly one month before the accident. Although Mayore relies on the maintenance logs to show that the property manager contacted Rotavele on May 1 and 7, 2019, that evidence fails to establish Mayore's protocol for handling and reporting elevator complaints.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 19, 2026